FYBEL, ACTING P. J.
*854 INTRODUCTION
In the published portion of this opinion, we conclude that the plaintiff's attorney committed misconduct on appeal, including manifesting gender bias, and we report him to the State Bar. In the unpublished portion of this opinion, we affirm the trial court's denial of a motion for attorney fees.
Following the termination of his employment, Fernando Martinez (plaintiff) sued Stephen Stratton O'Hara (O'Hara), Career Solution and Candidate *855 Acquisitions (CSCA), O'Hara Family Trust, OCRE, Inc., Professional Realty Council, Inc., and Pacific Valley Realty, Inc. (collectively defendants) alleging five employment-related claims. Plaintiff's wage claim was resolved before trial and his fraud claim was dismissed when the trial court granted defendants' motion for nonsuit. A jury returned a verdict awarding a total of $8,080 in damages on the claim for sexual harassment in violation of the California Fair Employment and Housing Act (FEHA). Following a bench trial of plaintiff's remaining claims seeking an injunction for unfair advertising and unfair business practices, the trial court found in favor of defendants.
Plaintiff filed a motion under Government Code section 12965, subdivision (b) and Labor Code section 218.5, requesting an award of attorney fees in the amount of $133,887 for "litigating the case" plus $12,747 for fees incurred in bringing the motion itself, for a total attorney fee award of $146,634.
Plaintiff appeals from the trial court's order denying his motion for attorney fees. We affirm because the trial court properly exercised its discretion under section 1033, subdivision (a) of the Code of Civil Procedure and followed the legal principles set forth in Chavez v. City of Los Angeles (2010) 47 Cal.4th 970, 104 Cal.Rptr.3d 710, 224 P.3d 41 ( Chavez ).
As explained in section V of the Discussion post , as required by the California *228 Code of Judicial Ethics, we are reporting plaintiff's attorney Benjamin Pavone to the California State Bar for manifesting gender bias. The notice of appeal signed by Mr. Pavone on behalf of plaintiff referred to the ruling of the female judicial officer as "succubustic." A succubus is defined as a demon assuming female form which has sexual intercourse with men in their sleep. We publish this portion of the opinion to make the point that gender bias by an attorney appearing before us will not be tolerated, period.
We also report Mr. Pavone to the State Bar for the statement in the notice of appeal suggesting the trial court attempted to thwart service of the signed judgment on plaintiff in an effort to evade appellate review and statements in the appellate briefs he signed on behalf of plaintiff accusing the judicial officer who ruled on the motion for attorney fees of intentionally refusing to follow the law. None of these serious charges is supported by any evidence.
BACKGROUND**
*856 DISCUSSION
I.-IV.***
STANDARD OF REVIEW
V.
MISCONDUCT BY PLAINTIFF'S COUNSEL PAVONE
Business and Professions Code section 6068, subdivision (b) provides that it is the duty of an attorney to "maintain the respect due to the courts of justice and judicial officers." Disrespectful statements made in court papers are grounds for attorney discipline and/or contempt. (See Ramirez v. State Bar (1980) 28 Cal.3d 402, 169 Cal.Rptr. 206, 619 P.2d 399 [attorney suspended for brief falsely accusing appellate justices of acting illegally as a result of their alleged bias in favor of financially strong opposing party]; In re Koven (2005) 134 Cal.App.4th 262, 270-277, 35 Cal.Rptr.3d 917 [attorney's brief falsely accusing appellate court of "deliberate judicial dishonesty" resulted in contempt proceedings, monetary fine, and referral to the California State Bar].)
Canon 3B(6) of the California Code of Judicial Ethics provides: "A judge shall require lawyers in proceedings before the judge to refrain from (a) manifesting, by words or conduct, bias, prejudice, or harassment based upon race, sex, gender, gender identity, gender expression, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation, or (b) sexual harassment against parties, witnesses, counsel, or others. This canon does not preclude legitimate advocacy when race, sex, gender, gender identity, gender expression, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, political affiliation, or other similar factors are issues in the proceeding."
Canon 3D(2) of the California Code of Judicial Ethics provides: "Whenever a judge has personal knowledge, or concludes in a judicial decision, that a lawyer has committed misconduct or has violated any provision of the Rules of Professional Conduct, the judge shall take appropriate corrective action, which may include reporting the violation to the appropriate authority." The advisory committee commentary accompanying canon 3D(2) instructs that California law imposes on judges mandatory reporting requirements *229 to the State Bar regarding lawyer misconduct. *857 A.
The Notice of Appeal
Instead of using the Judicial Council notice of appeal form, plaintiff's counsel Pavone signed the plaintiff's notice of appeal which stated in full: "Pursuant to Code of Civil Procedure section 904.1 et seq., Plaintiff Fernando Martinez hereby appeals from the lower court's disgraceful order dated November 30, 2016, as incorporated into a reported judgment dated February 21, 2017, and [as] such, technically appeals from that judgment. The ruling's succubustic adoption of the defense position, and resulting validation of the defendant's pseudohermaphroditic misconduct, prompt one to entertain reverse peristalsis unto its four corners.
"Evidence of the docket entry reflecting the judgment is attached hereto as Exhibit A.
"Plaintiff never actually received a copy of a signed judgment, though a stipulated judgment was prepared for the commission court's signature, as it apparently cynically attempted to suppress notice of the judgment in order to thwart review."
Webster's Third New International Dictionary (2002) at page 2282, column 3, defines the term "succubus" as "1: a demon assuming female form to have sexual intercourse with men in their sleep-compare incubus 2: demon, fiend 3: strumpet, whore." (Capitalization omitted.)
B.
Plaintiff's Appellate Briefs
Every day appellate courts evaluate litigants' contentions of trial court error regarding issues of fact and law. Plaintiff's appellate briefs, signed by Pavone, contain many statements, however, that cannot be fairly characterized as acts of zealous advocacy in an effort to challenge the ruling on plaintiff's motion for attorney fees. Instead, plaintiff's appellate briefs repeatedly accuse the judicial officer who ruled on that motion of intentionally refusing to follow and apply the law. There is no support in the record for such a serious charge. Examples of such statements include that the judicial officer (1) "made intentional mistakes at the knowing expense of legal accuracy in service to a higher agenda of ruling against [plaintiff] for his perceived political offenses"; (2) displayed "mindless antipathy toward [plaintiff]" having "intentionally analyzed a quantitative issue ... by resorting to citation to qualitative features"; (3) "should have resisted the desire (but did *858 not) to champion [another judicial officer] because it came at the expense of the integrity of her ruling"; and (4) "intentionally decided to let her master for this motion be not the law, but an adversarial agenda to rule against one party regardless of it." (Italics added.)
C.
Conclusions
The notice of appeal's reference to the ruling of the female judicial officer, from which plaintiff appealed, as "succubustic" constitutes a demonstration "by words or conduct, bias, prejudice, or harassment based upon ... gender" and thus qualifies as reportable misconduct.[9]
The statements in plaintiff's appellate briefs accusing the trial court of intentionally *230 refusing to follow the law, as detailed ante , and the statement in the notice of appeal suggesting the trial court tried to prevent plaintiff from receiving notice of the signed judgment in an effort to thwart appellate review of its decision, also made without any support in the record, constitute reportable misconduct. We further note that many of the words and phrases in the notice of appeal have no place in a court filing. We cannot understand why plaintiff's counsel thought it wise, much less persuasive, to include the words "disgraceful," "pseudohermaphroditic misconduct," or "reverse peristalsis" in the notice of appeal.
DISPOSITION
The judgment is affirmed. Respondents shall recover costs on appeal.
Pursuant to canon 3D(2) of the California Code of Judicial Ethics, we hereby report Attorney Benjamin Pavone, counsel for plaintiff and appellant Fernando Martinez, to the State Bar of California for his misconduct as described in part V of this opinion's Discussion. The clerk of this court is directed to send copies of this opinion, the notice of appeal filed in this court on April 14, 2017, plaintiff's appellate opening brief, and plaintiff's appellate reply brief to the State Bar of California. The clerk is further directed to send *859 a copy of this opinion to Attorney Benjamin Pavone, State Bar No. 181826, at his address listed by the State Bar.
WE CONCUR:
IKOLA, J.
THOMPSON, J.

See footnote *, ante .

See footnote *, ante .

We note rule 8.4.1 of the California Rules of Professional Conduct prohibits an attorney, in his or her representation of a client, from unlawfully harassing or unlawfully discriminating against persons on the basis of protected characteristics including gender. Plaintiff's notice of appeal was filed in April 2017, and thus before rule 8.4.1 became effective on November 1, 2018. Had rule 8.4.1 been in effect at the time the notice of appeal was filed, Pavone's reference to the judicial officer's ruling as "succubustic" would have constituted a violation of that rule as well as misconduct under section 6068 of the Business and Professions Code.