Filed 8/3/23  Lopez v. MUFG Holding Corp. CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ARTHUR LOPEZ,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>MUFG HOLDING CORPORATION, et al.,<br><br>    Defendants and Respondents. | G061254<br><br>(Super. Ct. No. 30-2021-01192499)<br><br>O P I N I O N |

Appeal from judgment of the Superior Court of Orange County, Glenn R. Salter, Judge.  Affirmed.

Arthur Lopez, in pro. per., for Plaintiff and Appellant.

Wallace, Richardson, Sontag & Le and Richard Sontag for Defendants and Respondents.

\*          \*          \*

Plaintiff Arthur Lopez appeals from the trial court's entry of judgment against him on his complaint against defendants MUFG Holding Corporation, MUFG Union Bank, N.A., MUFG Americas Holdings Corporation, MUFG Bank, Ltd., and UnionBanCal Corporation. We conclude the trial court correctly sustained defendants' demurrer without leave to amend and affirm.

FACTUAL AND PROCEDURAL HISTORY

In 2007, plaintiff started an auto finance company, using a home equity line of credit obtained from defendants (or at least from one of them). Over the next two years, plaintiff drew down the entirety of his line of credit in support of his business. Plaintiff alleges defendants promised future consideration of a business loan, but later reneged. Plaintiff also alleges defendants stole his trade secrets and made discriminatory comments against plaintiff and his family, who are Hispanic. In 2011, defendants froze plaintiff's line of credit and later foreclosed on his home. Plaintiff filed for bankruptcy in that same year. Plaintiff lost possession of his home on August 28, 2012.

*Initial Litigation in State Court*

Plaintiff sued two of the defendants (Union Bank, N.A. and UnionBanCal) in the Orange County Superior Court in May of 2012. Plaintiff raised causes of action for quiet title, wrongful foreclosure, unjust enrichment, intentional misrepresentation, promissory fraud, negligent misrepresentation, violation of Business & Professions Code section 17200, and estoppel. The factual gist of the lawsuit was that defendants made promises to plaintiff with respect to financing for his new business and his home equity line of credit and subsequently reneged on those promises, to plaintiff's detriment. The lawsuit was dismissed with prejudice in January of 2013 after a successful demurrer. Plaintiff appealed from this dismissal in August of 2017, but the appeal was dismissed as untimely.

*Litigation in Federal Court*

In August of 2015, plaintiff sued defendants in federal court. This time, plaintiff alleged civil rights violations, antitrust and securities fraud theories of liability, theft of trade secrets, intentional infliction of emotional distress, and various other theories. However, these claims arose from the same factual predicate: plaintiff's financing requests to defendants, home equity line of credit, and the subsequent foreclosure of plaintiff's home. The United States District Court for the Central District of California granted defendants' motion to dismiss plaintiff's complaint in February of 2016. The court denied plaintiff's subsequent motion for leave to file an amended complaint. The court concluded all of plaintiff's federal claims, save his trade secret claim, were barred by res judicata because of the dismissal of his initial state court action. The trade secret claim, meanwhile, failed on its own merits. Having thus disposed of all the federal claims in plaintiff's complaint, the federal court declined to exercise supplemental jurisdiction over plaintiff's remaining state law claim (intentional infliction of emotional distress) and dismissed the action as a whole without prejudice. The Ninth Circuit affirmed this decision on August 17, 2017.

Undeterred, plaintiff filed a new complaint against defendants in federal court just a week later, on August 24, 2017. This new complaint (as later amended by plaintiff) raised the same nine claims. Defendants filed a motion to dismiss the complaint, which the federal court granted. This time, the federal court dismissed the action with prejudice. Plaintiff again appealed to the Ninth Circuit, which again affirmed on May 21, 2019.

*This Action*

On March 24, 2021, plaintiff sued defendants for intentional and negligent infliction of emotional distress. Plaintiff alleged essentially the same facts set forth in his federal court complaints, even including a "Statement of the Case" from the federal court

3

actions as part of his complaint. On April 28, 2021, plaintiff filed a declaration under Code of Civil Procedure section 170.6, seeking disqualification of the trial judge.[1]

Next, plaintiff filed a motion seeking to transfer the case to Los Angeles County Superior Court. In his moving papers, plaintiff alleged (without a declaration or other evidence) that defendants' "principal Southern California corporate office" was in Los Angeles County. Plaintiff's complaint, by contrast, alleged "defendants do business within [Orange County] and the violations in this case primarily occurred in [Orange County]." Plaintiff's amended complaint, filed after his motion to change venue, also alleged defendants' principal place of business was in Orange County.

The trial court struck plaintiff's disqualification request as untimely. In response to the motion to change venue, the trial court first sought additional briefing from plaintiff, then denied the motion, citing plaintiff's allegations in his first amended complaint.

While the motion to change venue was pending, Defendants demurred, arguing plaintiff's causes of action were barred by both res judicata and the applicable two-year statute of limitations. The trial court found plaintiff's causes of action were barred by the statute of limitations and sustained the demurrer with leave to amend.

Plaintiff filed a second amended complaint, this time alleging eight new causes of action: quiet title, wrongful foreclosure, unjust enrichment, negligent misrepresentation, violation of Business & Professions Code section 17200, intentional misrepresentation, promissory fraud, and estoppel — the same eight causes of action he alleged in his first state court lawsuit. Defendants demurred again, making the same arguments. The trial court sustained the demurrer, this time without leave to amend. This time, the trial court concluded plaintiff's causes of action were barred by res judicata. The trial court entered judgment for defendants and plaintiff timely appealed.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

4

DISCUSSION

1. *Procedural Issues*

Our review of this matter is hampered by serious deficiencies in plaintiff's briefs. California Rules of Court, rule 8.204(a)(1)(C) requires references to the record when discussing facts.[2] Rule 8.204(a)(2)(A) requires the appellant's opening brief to identify the relief sought in the trial court and the judgment or order appealed from. Rule 8.204(a)(2)(C) requires the appellant's opening brief to provide a summary of the significant facts limited to matters in the record. Rule 8.204(b) requires any brief to be "reproduced by any process that produces a clear, black image of letter quality," and controls font, font size, line spacing, and margins, all of which are intended to allow the court to adequately read and comprehend the arguments of the litigants. Rule 204(c)(1),(2) govern the length of briefs, and limit briefs produced via computer to 14,000 words and briefs produced via typewriter to 50 pages. Rule 8.74(a)(1) requires documents filed electronically to be text searchable. Rule 8.74(a)(3) requires electronic bookmarking of headings, subheadings, and all components of the brief.

Plaintiff's opening brief fails to comply with any of these rules. Plaintiff's brief contains few citations to the record. Instead, plaintiff's factual summary contains a rambling, handwritten account of plaintiff's litigation efforts over approximately 15 years against defendants, interspersed with copies of documents from or relating to these events and arguments regarding those events, and entirely disconnected from the record on appeal. Plaintiff's arguments contain similar extraneous material and few or no citations to the record. In addition to being handwritten, plaintiff's brief is single-spaced and poorly reproduced, and as a result some portions of the brief are illegible. Plaintiff's brief, at 159 pages, also appears to be oversize under either standard (though it is unclear which would apply, given that plaintiff's handwritten brief was evidently not prepared

---

[2] All further rule references are to the California Rules of Court.

with a typewriter or computer). Plaintiff also made either no attempt or a grossly defective attempt to comply with the electronic filing rules by rendering his brief text-searchable or placing electronic bookmarks.

Plaintiff's reply brief fares a little better. Like plaintiff's opening brief, it contains few record citations and includes an improper "exhibit," as well as copies of portions of two California Supreme Court cases. At 50 pages, the reply brief is at least presumptively compliant with the typewriter rule for length, but the brief also contains a certificate of compliance referencing the computer-produced brief rule. The certificate asserts that the brief contains approximately 7,000 words and that plaintiff relied on the word count function of the computer program he used to prepare the brief. This is a surprising assertion, as (like plaintiff's opening brief) the reply brief is handwritten. Like plaintiff's opening brief, the reply brief is poorly reproduced and often illegible. Lastly, plaintiff again made either no attempt or a grossly defective attempt to comply with the electronic filing rules by rendering his brief text searchable or placing electronic bookmarks.

Though this is the first appeal in this matter to result in a full opinion (plaintiff's earlier appeals in this case having been dismissed for lack of an appealable order), Plaintiff is no stranger to this court or its rules; plaintiff was specifically warned of similar violations of the California Rules of Court in connection with four of his recent, prior appeals in another matter (*In re Marriage of Lopez* (Feb. 26, 2018, G054262) [nonpub. opn.]; *In re Marriage of Lopez* (May 26, 2020, G057278) [nonpub. opn.]; *In re Marriage of Lopez* (Sept. 30, 2020, G057649) [nonpub. opn.]; *In re Marriage of Lopez* (Dec. 29, 2021, G059648) [nonpub. opn.]).

While we acknowledge a self-represented litigant's understanding of the rules on appeal is, as a practical matter, more limited than an experienced appellate attorney's and, whenever possible, will not strictly apply technical rules of procedure in a manner that deprives litigants of a hearing, we are nevertheless required to apply the California Rules of Court and substantive rules of appellate review to a self-represented litigant's claims on appeal, just as we would to those litigants who are represented by trained legal counsel.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

The deficiencies in plaintiff's briefing are arguably sufficient to justify a waiver of his claims on appeal, but we nevertheless address his claims on the merits.

2.  *Substantive Issues*

Plaintiff raises several arguments regarding the trial court's rulings in this case.  None have merit.

First, plaintiff argues the trial court erred in sustaining defendants' demurrer without leave to amend because (1) the initial state case did not afford plaintiff "a full and fair opportunity to litigate the claim"; (2) the initial state case did not end in a judgment on the merits; and (3) the initial state case was not based on the same cause of action.

"Res judicata" has two meanings under California law, commonly referred to as "claim preclusion" and "issue preclusion."  (*DKN Holding LLC v. Faerber* (2015) 61 Cal.4th 813, 823-825.)  Here, we analyze only claim preclusion, as we need not reach the issue of whether any of plaintiff's claims are barred by issue preclusion.

Claim preclusion bars a subsequent lawsuit that "'involves (1) the same cause of action (2) between the same parties [or their privies] (3) after a final judgment on the merits in the first suit.'"  (*Association of Irritated Residents v. Department of Conservation* (2017) 11 Cal.App.5th 1202, 1219.)  Plaintiff's present action involves all

7

of the same causes of action litigated in his initial state court action: quiet title, wrongful foreclosure, unjust enrichment, negligent misrepresentation, violation of Business & Professions Code section 17200, intentional misrepresentation, promissory fraud, and estoppel. Defendants Union Bank, N.A. and UnionBanCal were also defendants in the initial state action, and plaintiff's allegations make clear that the remaining defendants are privies of the original two. The initial state action ended with a dismissal with prejudice after a successful demurrer; contrary to plaintiff's contention, that is a final judgment on the merits for res judicata purposes. (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 793.) Consequently, the eight causes of action duplicative of those in plaintiff's initial state court action are barred by res judicata.[3]

Plaintiff asserts, in summary fashion, that the prior state court judgment was obtained fraudulently "since the Superior Court in concert with volunteer employee judge/defense counsel and other involved attorneys participated in a charade/scheme to defraud plaintiff and derail [the] case premeditatively and by purposely keeping plaintiff excluded from processes (due process) and obscure of information and documentation including defective and absent rules of court required documentation." This vague allegation is not supported by any citation to the record, and our review of the record reveals no effort by plaintiff in the trial court to explain the alleged fraud or provide factual support for its existence.

This conclusion leaves only plaintiff's causes of action for negligent and intentional infliction of emotional distress. The applicable statute of limitations for these causes of action is two years. (§ 335.1; *Wassman v. South Orange County Community College Dist.* (2018) 24 Cal.App.5th 825, 852-853.) These causes of action accrued

---

[3] Defendants argue, and the trial court found, that plaintiff's other two causes of action, for negligent and intentional infliction of emotional distress, were also barred because they arose from the same primary right. We do not reach this issue because these causes of action are clearly barred by the statute of limitations.

when plaintiff "'suffer[ed] severe emotional distress as a result of outrageous conduct on the part of the defendant.'" (*Id.* at p. 853.) This occurred, at the latest, on August 28, 2012, when plaintiff lost his home. Plaintiff's present lawsuit was filed on March 24, 2021, more than eight years later, taking it well outside the statutory period.

Plaintiff argues the doctrines of equitable estoppel, equitable tolling, the alternative or second claim tolling rule, the continuing violations doctrine, and/or statutory tolling provisions should save his causes of action. We disagree.

Equitable estoppel, in the statute of limitations context, occurs when a defendant induces a plaintiff not to sue during the limitations period. (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 384 (*Lantzy*).) Plainly this doctrine does not apply here. This is plaintiff's fourth separate lawsuit against defendants, dating back to 2012. Plaintiff cannot argue defendants induced him not to sue when, in fact, he *did* sue defendants.

"Equitable tolling is a judge-made doctrine 'which operates independently of the literal wording of the Code of Civil Procedure' to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." (*Lantzy, supra,* 31 Cal.4th at p. 370.) Equitable tolling only stops the statute of limitations from running during the event justifying the tolling. (*Ibid*.) Once the tolling event is over, the statute begins running again. (*Ibid*.) Here, the relevant tolling events are the pendency of plaintiff's other lawsuits. Assuming for the sake of argument that all these lawsuits tolled the statute throughout their pendency, the statute of limitations nevertheless expired well before plaintiff filed this action. Plaintiff's initial state action was dismissed with prejudice in January of 2013; his next action, in federal court, was not filed until August of 2015, more than two years later.

The alternative or second claim tolling rule is another name for this same equitable tolling doctrine. Plaintiff's argument on this point therefore fails for the same reasons.

9

"'The continuing violations doctrine aggregates a series of wrongs or injuries for purposes of the statute of limitations, treating the limitations period as accruing for all of them upon commission or sufferance of the last of them.'" (*Willis v. City of Carlsbad* (2020) 48 Cal.App.5th 1104, 1124.) Plaintiff's operative complaint does not allege wrongful conduct by defendants beyond August of 2012. Accordingly, the continuing violations doctrine does not aid plaintiff.

Lastly, plaintiff points to certain statutory tolling provisions, none of which revive plaintiff's cause of action. Plaintiff's reference to certain COVID-19 related tolling rules is irrelevant, as the statutory period for plaintiff's causes of action lapsed in January of 2015 at the latest, well before COVID-19 existed. Plaintiff also argues section 358 tolls the statute of limitations permanently due to plaintiff's disability arising from head and spinal injuries he suffered on December 22, 2015. This argument also fails because the statute of limitations had already lapsed when plaintiff became disabled. Plaintiff also argues section 356 tolls the statute of limitations because plaintiff was in bankruptcy proceedings in the 2011-2012 timeframe. However, plaintiff admits he was discharged on November 19, 2012, which terminated the automatic stay and renders this statute irrelevant to the two-year gap between January 2013 and January 2015, during which nothing tolled the running of the statute.

Plaintiff argues he should have been granted leave to amend. We disagree. Nothing plaintiff suggests in his brief would cure any of the problems with his causes of action.

Plaintiff raises two additional arguments. First, plaintiff argues the trial court erred by ruling on his motion to disqualify the trial judge. Plaintiff is mistaken. "A trial court has jurisdiction to rule on the timeliness of a peremptory challenge pursuant to section 170.6." (*Shipp v. Superior Court* (1992) 5 Cal.App.4th 147, 151, disapproved on other grounds in *People v. Superior Court* (*Lavi*) (1993) 4 Cal.4th 1164, 1180, fn. 13.) Plaintiff's peremptory challenge to the trial court was indeed untimely, as it was filed

10

April 28, 2021, more than 15 days after the case was assigned for all purposes to the trial judge. (§ 170.6, subd. (a)(2).) Plaintiff's arguments based on sections 170.3 and 170.4 are irrelevant, as those sections do not control the peremptory challenge procedure invoked by plaintiff.

Second, plaintiff argues the trial court erred by denying his motion to change venue. As a preliminary matter, we note plaintiff had the power, at any time during these proceedings prior to issuance of the trial court's ruling on defendants' demurrer, to dismiss his action without prejudice and refile in Los Angeles County, thus unilaterally effectuating the change of venue he sought via motion. Plaintiff failed to do so, even after this option was suggested to him by the trial court. As for the motion itself, the trial court correctly denied it. Plaintiff's complaint, including the amended versions he filed *after* filing his motion to change venue, alleged defendants' principal place of business was in Orange County.

3. *Briefing Misconduct*

Plaintiff's briefs contain references to the ethnic backgrounds of several attorneys and several judicial officers. These references are gratuitous, unrelated to any of plaintiff's substantive claims or arguments, and wholly inappropriate. Were plaintiff a licensed attorney, we would have no choice but to report him to the State Bar for discipline. (See *Martinez v. O'Hara* (2019) 32 Cal.App.5th 853, 856.) Instead, we caution plaintiff: further references of this kind, whether in this case or any other future case, to the racial, religious, or ethnic backgrounds of litigants, attorneys, or judicial officers, where those facts are unrelated to the issues of the case, may give rise to sanctions.

11

## DISPOSITION

The judgment is affirmed.  Defendants shall recover their costs on appeal.


SANCHEZ, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


DELANEY, J.