Filed 7/30/24  Vafaei v. Razavi CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| HAMID VAFAEI et al., | |
| Plaintiffs and Appellants, | G063011 |
| v. | (Super. Ct. No. 30-2021-01208168; consol. with 30-2021-01212308) |
| SARA RAZAVI et al., | |
| Defendants and Respondents. | O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Michael J. Strickroth, Judge. Affirmed in part, as modified; reversed in part. Appellants' unopposed motion to augment the record. Granted. Respondents' motion for sanctions. Denied.

The MVP Trial Lawyers, Pasha Vafaei and Tyler Vance for Plaintiffs and Appellants.

Monarch Law Group and Samin Zamanian for Defendants and Respondents.

*　　　*　　　*

California's advocate-witness rule, found in rule 3.7 of the Rules of Professional Conduct (rule 3.7), prohibits a lawyer from acting as an advocate in a trial in which they are likely to be called as a witness on a contested matter except under limited circumstances. The trial court granted defendants' motion to disqualify both attorney Pasha Vafaei and his law firm, the MVP Law Group,[1] from acting as "counsel of record" for plaintiffs after plaintiffs' discovery responses identified Vafaei as a witness to the key disputed issue in the case—whether plaintiffs and defendants entered into a purchase and sale agreement relating to the real property at issue. We conclude the disqualification of Vafaei under rule 3.7 was proper, but find the court's disqualification order swept too broadly in two respects.

As to Vafaei, the trial court erred by disqualifying him from acting as "counsel of record" in any manner. Under controlling authority, his disqualification properly extends only to acting as counsel at trial and in any pretrial proceeding that may reveal to the trier of fact his role as plaintiffs' attorney, including, e.g., taking and defending depositions.

As to the MVP Law Group, the trial court erred by disqualifying all other lawyers in the firm from representing plaintiffs. Rule 3.7(b) expressly allows a member of a law firm to act as an advocate in a trial in

---

[1] There are different names in the appellate record for Vafaei's law firm, including the MVP Law Group (used in the trial court proceedings), and the MVP Trial Lawyers (used in the appellate proceedings). For purposes of this opinion, we refer to the firm as the MVP Law Group. Our conclusions and holdings are intended to apply to any law firm with which Vafaei is affiliated, no matter what name it uses.

which another member of the firm is likely to be called as a witness unless precluded from doing so under other enumerated rules of professional conduct. The record here does not support the disqualification of all other attorneys at the MVP Law Group from representing plaintiffs.

Accordingly, we affirm the order disqualifying Vafaei, but modify it to limit the scope of his disqualification to trial and any pretrial proceedings that may reveal to the trier of fact Vafaei's dual role, including any evidentiary hearings and the taking and defending of depositions. We reverse the disqualification order as to the MVP Law Group.

FACTS AND PROCEDURAL HISTORY

On June 30, 2021, Sara Razavi (Sara) initiated an unlawful detainer action against her tenants, Hamid Vafaei (Hamid) and Sharareh Bahadini, also known as Sharareh Vafaei (Sharareh), based on non-payment of rent.[2] On July 8, 2021, Hamid and Sharareh filed an answer to the unlawful detainer complaint.

On July 27, 2021, Hamid and Sharareh filed a complaint against Sara, Ahmad Razavi (Ahmad), and the Estate of Nadia Razavi for specific performance of an alleged written agreement that permitted Hamid and Sharareh to buy the property they were leasing (the alleged agreement).[3] Plaintiffs demanded a jury trial.

_____

[2] We refer to the parties by their first names to prevent confusion; no disrespect is intended.

[3] Plaintiffs' unopposed motion to augment the record on appeal with their complaint is granted. The unlimited civil case was consolidated with the unlawful detainer case, with the unlawful detainer designated the lead case.

On December 10, 2022, Hamid served written discovery responses in response to requests for admissions and special interrogatories propounded by Sara. Among other things, Sara had sought discovery regarding Hamid's allegation that Ahmad signed the alleged agreement, including the identity of anyone who witnessed Ahmad's signature, the identity of the author of the alleged agreement, and the identity of any witnesses present during conversations regarding the sale of the subject property. Hamid's substantive responses identified Vafaei, who is plaintiffs' son and their counsel of record in the consolidated action, as a witness to conversations regarding the sale of the property, a witness to Ahmad's execution of the alleged agreement, and an author of the alleged agreement.[4] The caption on the discovery responses indicated no trial date had been scheduled.

Several weeks later, on January 17, 2023, Sara and Ahmad filed a motion to disqualify Vafaei from representing Hamid and Sharareh based on rule 3.7. The notice of motion indicated the motion sought only the disqualification of Vafaei and then, at the end of the notice, requested the court disqualify Vafaei "along with his firm." Hamid and Sharareh opposed the motion. In a declaration filed with the opposition papers, Vafaei admitted he had "eye-witness knowledge of the facts in dispute in these cases" but stated he had "committed to not testify in these cases, and the Plaintiffs have

___

[4] Special interrogatory No. 9 asked Hamid the identity of "the individual(s) who authored" the alleged agreement. In response, Hamid identified Vafaei as one of several authors. Contrary to Hamid's response, Vafaei now (1) denies being the author of the alleged agreement, (2) states that Hamid was the only author, and (3) accuses the trial court of making a "false" assumption that Vafaei is the author. Vafaei informed the trial court at the hearing on the disqualification motion that he signed the alleged agreement.

4

given their informed consent to my being so limited solely as their advocate, and not as a witness." Vafaei also submitted declarations from Hamid and Sharareh, both of which included an identical statement that Vafaei "will be serving me solely in the capacity of being my advocate, and *not at all in the capacity of being a witness* for me in these cases. I hereby knowingly and voluntarily give my consent to have [Vafaei] so limit himself in these matters to being an advocate and *not a witness* despite [Vafaei] having first-hand eyewitness knowledge of the facts in dispute in these cases." (Italics added.)

After hearing argument, the trial court granted defendants' motion and disqualified both Vafaei and the MVP Law Group from acting "as counsel of record" for Hamid and Sharareh. The court found Vafaei was a witness to a critical disputed issue regarding whether there was an agreement for the sale of the leased property. The court also found the disqualification motion was not filed as a litigation tactic because (1) the case was "still in the preliminary stages with [Hamid and Sharareh] not having even been deposed," and (2) Sara and Ahmad had "only recently [been] made aware" of Vafaei's claimed role in the formation of the alleged agreement.

Although the trial court stated that Hamid and Sharareh's declarations gave "informed consent for attorney Vafaei to continue representing them," it nevertheless granted the motion based on its analysis that Vafaei's "dual role as advocate and witness will prejudice [Sara and Ahmad] and the integrity of the judicial process by, (1) confusing the jury, particularly with respect to any argument counsel could make as counsel regarding his own testimony as a witness; and (2) creating a conflict between counsel's duty as a witness to tell the truth, even where the truth might harm Plaintiffs' interests, and counsel's duty to advocate for Plaintiff's interests." The court concluded, "[t]his confusion will necessarily occur

5

because of counsel's claimed personal knowledge of the alleged facts underlying this case, coupled with the fact that Plaintiffs are also his parents, will be indistinguishable from his role as an advocate for Plaintiffs." The court acknowledged Hamid and Sharareh have a "strong interest in having the representation of their choice" and that they had "expressed their informed consent." It nevertheless concluded Vafaei had an apparent conflict of interest given his role as a key witness and that "it will be nearly impossible for attorney Vafaei to act solely in an advocate capacity."

At the hearing on the motion, Vafaei advised the trial court there were other attorneys in his law firm who could competently handle the case and he was unaware of any ethical rule that would cause his entire firm to be vicariously disqualified simply because he is likely to be a witness at trial. The court nevertheless disqualified both Vafaei and his law firm, the MVP Law Group, from acting "as counsel of record" for Hamid and Sharareh. Hamid and Sharareh timely appealed.

DISCUSSION

I.

THE TRIAL COURT'S DISQUALIFICATION ORDER

An order granting a motion to disqualify counsel is immediately appealable. (*URS Corp. v. Atkinson/Walsh Joint Venture* (2017) 15 Cal.App.5th 872, 880.) "A trial court's decision to grant or deny a motion to disqualify counsel is generally reviewed for abuse of discretion. [Citations.] 'As to disputed factual issues, a reviewing court's role is simply to determine whether substantial evidence supports the trial court's finding of fact. . . . As to the trial court's conclusions of law, however, review is de novo; a disposition that rests on an error of law constitutes an abuse of discretion.' [Citations.] While the trial court's "'application of the law to the facts is

6

reversible only if arbitrary and capricious'" [Citation], 'where there are no material disputed factual issues, the appellate court reviews the trial court's determination as a question of law.'" (*Geringer v. Blue Rider Finance* (2023) 94 Cal.App.5th 813, 821.)

The issue here is whether the trial court erred by disqualifying both Vafaei and his law firm as counsel of record for plaintiffs. We hold the trial court did not err in disqualifying Vafaei, but that the scope of the disqualification order was too broad in two respects. First, the disqualification of Vafaei must be limited in scope to trial and certain pretrial proceedings that might reveal to the trier of fact Vafaei's dual role. Second, the court erred in disqualifying Vafaei's law firm, the MVP Law Group, from representing plaintiffs.

A. *The Disqualification of Vafaei*

"A trial court's authority to disqualify an attorney derives from its inherent power, codified at Code of Civil Procedure section 128, subdivision (a)(5), to control the conduct of its ministerial officers and of all other persons connected with its proceedings in furtherance of justice. [Citation.] Disqualification may be ordered as a prophylactic measure against a prospective ethical violation likely to have a substantial continuing effect on future proceedings." (*Doe v. Yim* (2020) 55 Cal.App.5th 573, 581.)

The California Supreme Court has approved the adoption by the State Bar of rules of professional conduct designed to protect the public and promote respect for and confidence in the legal system. (*Sheppard, Mullin, Richter & Hampton, LLP v. J-M Manufacturing Co., Inc.* (2018) 6 Cal.5th 59, 73–74.) Applicable here, rule 3.7 prohibits an attorney from acting as an

advocate in a trial in which the lawyer is likely to be a witness, unless one of the following three exceptions applies:

"(1) the lawyer's testimony relates to an uncontested issue or matter;

"(2) the lawyer's testimony relates to the nature and value of legal services rendered in the case; or

"(3) the lawyer has obtained informed written consent from the client." (Rule 3.7(a).)

When ruling on a motion to disqualify counsel based on the advocate-witness rule, the trial court must consider the following three factors in exercising its discretion: (1) whether the attorney's testimony is, in fact, genuinely needed; (2) the possibility opposing counsel is using the motion for purely tactical reasons; and (3) the burden of retaining new counsel and paying for the duplication of efforts already undertaken in the case, combined with the strong interest parties have in representation by counsel of their choice. (*Doe v. Yim, supra*, 55 Cal.App.5th at p. 583.) "'[T]rial judges must indicate on the record they have considered the appropriate factors and make specific findings of fact when weighing the conflicting interests involved in recusal motions.'" (*Id* at p. 584.)

Contrary to Vafaei's argument, the trial court did not "fail[] to consider" or "fail[] to take into consideration" these factors. Quite the contrary, the court examined each of the three factors in a detailed written order.

As to the first factor, the trial court found Vafaei is a witness on a pivotal issue and his testimony is needed. These findings are supported by substantial evidence. The gravamen of plaintiffs' complaint is that defendants agreed to sell their residential property to plaintiffs pursuant to

8

the alleged agreement, which was signed by one or more of the defendants. Defendants deny entering into any agreement for the sale of their property. Plaintiffs identified Vafaei in their discovery responses as a witness to conversations regarding the sale of the property, a witness to the execution of the alleged agreement by the parties, and one of the authors of the alleged agreement. Vafaei and his clients admitted in their opposition to the disqualification motion that Vafaei has "first-hand eyewitness knowledge" of the facts in dispute. Although Vafaei attempted to eliminate the need for his testimony by agreeing he would not testify and would instead serve only as plaintiffs' advocate, we agree with the court's conclusion this did not preclude disqualification for the simple reason that defendants are likely to compel Vafaei to testify.

Substantial evidence also supports the trial court's finding that defendants did not file the disqualification motion as a litigation tactic. Defendants brought the motion within weeks of receiving Hamid's discovery responses and learning of Vafaei's firsthand knowledge of the key disputed facts in the case. No trial date had been set as of the filing of the motion, and the court found the case was still in its early stages. There is no evidence in the record that defendants' counsel knew before receiving Hamid's discovery

9

responses about Vafaei's purported knowledge on the central issue in the case but delayed bringing the motion.[5]

As to the final factor considered by the trial court—the combined effects of plaintiffs' strong interest in being represented by counsel of their choice and avoiding the duplicate expense and time-consuming effort involved in replacing counsel already familiar with the case—the court concluded duplication of fees is unlikely because the case was only in the preliminary stages and Vafaei's clients had not yet been deposed. The court also concluded that, although Vafaei's clients have a strong interest in having counsel of their choice, Vafaei had an apparent conflict in his dual role as a witness to key disputed facts and an advocate. We find no error in these conclusions. Given our conclusion—discussed further below—that Vafaei's disqualification is limited in scope and Vafaei's firm is not disqualified, the impact on plaintiffs is further attenuated.

We now turn to Vafaei's contention that disqualification was improper under the third exception to rule 3.7 because Hamid and Sharareh

---

[5] Contrary to plaintiffs' contention, their complaint did not reveal Vafaei signed the alleged agreement. Hamid and Sharareh attached two versions of the alleged agreement to their complaint, one handwritten in a foreign language and one translated into English and typed. The non-English version of the alleged agreement contains four separate handwritten signatures. The English translation showed Hamid and Ahmad as two of the signatories; it did not indicate the names of the other two signatories, and Vafaei's name does not appear on the document.

10

gave their informed written consent to his continued representation.[6] Vafaei appears to misunderstand the rule.

The trial court stated, without analysis, that Hamid and Sharareh had "expressed their informed consent" to Vafaei continuing to represent them. On their face, the declarations by Hamid and Sharareh did not consent to Vafaei acting as both their advocate and witness. They did *exactly the opposite*: Hamid and Sharareh each consented that Vafaei could act for them "solely in the capacity of being my advocate, and *not at all* in the capacity of being a witness for me in these cases." (Italics added.) This is not informed consent to counsel acting as both advocate and witness within the meaning of rule 3.7(a)(3).

Vafaei attempts to bolster his clients' purported "consent" by insisting in his own declaration that he will not testify at trial on behalf of his parents. Thus, he effectively argues the threshold test under rule 3.7—that the attorney is likely to testify on his clients' behalf—is not met. The problem with this argument, as noted above, is whether Vafaei is likely to be a witness at trial is not solely within his (or his clients') control. The fact that Vafaei's *clients* are willing to forego calling him as a witness does not mean that *defendants* will do the same. Indeed, given Vafaei's pivotal role in preparing, signing, and witnessing the execution of the alleged agreement, and his presence during conversations regarding the alleged sale of the property, it is (as the trial court found) at least likely—if not a near certainty—defendants will call him as a witness. Vafaei offers no legal or logical support for his suggestion that, if defendants call him to testify as an

---

[6] The other two exceptions to rule 3.7—the lawyer's testimony would relate to an uncontested issue or to the nature and value of legal services rendered in the action—clearly are not applicable here.

11

eyewitness to the key disputed issue in the case, he would be testifying for them—and not for his clients—and rule 3.7 therefore would be inapplicable. Rule 3.7's purpose is to "'avoid[] fact finder confusion'" (*Lopez v. Lopez* (2022) 81 Cal.App.5th 412, 424 (*Lopez*)); it therefore makes no distinction between whether the attorney is likely to be called to testify by its own clients or by the opposing party.

Given that Vafaei is likely to be called as a witness on a key disputed issue at trial and failed to obtain his clients' informed written consent to his acting in a dual role, the trial court was not required to take the additional step of analyzing the detriment to defendants or injury to the integrity of the judicial process arising from Vafaei's dual role. Such additional analysis is only required where the attorney is likely to testify and the client *has* given its informed written consent to the dual role. (See rule 3.7, com. 3 ["Notwithstanding a client's informed written consent, courts retain discretion" to disqualify counsel], citing *Lyle v. Superior Court* (1981) 122 Cal.App.3d 470; *Lopez, supra,* 81 Cal.App.5th at pp. 424–425 [trial court failed to find disqualification was necessary "notwithstanding . . . informed written consent"].)

## B. *The Scope of the Order as to Vafaei*

This brings us to the scope of the disqualification order as to Vafaei. We conclude it was error for the trial court to disqualify Vafaei as counsel of record without limitation.[7]

---

[7] Plaintiffs did not raise on appeal the issue of the scope of the disqualification order as to Vafaei's role going forward in the litigation, so we requested and received supplemental briefing from the parties on this issue, as well as the issue of the applicability of rule 3.7(b) on the disqualification of the MVP Law Group.

By its terms, rule 3.7 prohibits a lawyer from acting as an advocate "in a trial" in which the lawyer is likely to be a witness. (Rule 3.7(a).) The phrase "in a trial" embraces not just the actual trial proceedings but any evidentiary hearing and any pretrial proceeding, such as taking and defending depositions, that poses a risk of revealing the attorney's dual role to the trier of fact. (*Lopez, supra,* 81 Cal.App.5th at pp. 423–424; *Doe v. Yim, supra,* 55 Cal.App.5th at p. 583.) We therefore modify the disqualification order to provide that Vafaei is disqualified from representing plaintiffs at trial, during depositions, and at any other pretrial activities that pose a risk of revealing to the trier of fact that he is an attorney for plaintiffs.

C. *The Disqualification of the MVP Law Group*

As for Vafaei's law firm, the MVP Law Group, the fact that Vafaei is disqualified to the extent set forth above does not mean that other lawyers in his firm are vicariously disqualified under the advocate-witness rule. Rule 3.7(b) provides that "a lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by [Rules of Professional Conduct,] rule 1.7 or 1.9."[8] (See *Wu v. O'Gara Coach Co., LLC* (2019) 38 Cal.App.5th 1069, 1084–1085 [that attorney might testify at trial does not warrant disqualification of other lawyers at attorney's firm under the advocate-witness rule].) The sole basis for Vafaei's disqualification is his dual role as advocate-witness. This case does not involve any alleged confidential information in the hands of Vafaei or other alleged conflict of interest that might properly be imputed to

_____

[8] Nothing in the record suggests either rule would apply here. Rules of Professional Conduct, rule 1.7 addresses conflicts of interest involving current clients, and rule 1.9 involves an attorney's duties to former clients.

13

other attorneys in his law firm. We therefore reverse the order as to the disqualification of the entire firm.[9]

We reject plaintiffs' contention that the trial court erred in refusing to take judicial notice of three published California decisions. As the court correctly noted in its order denying the disqualification motion, the court need not take judicial notice of published California authorities to

_____

[9] Defendants have suggested other members of the MVP Law Group might also be percipient witnesses, that Vafaei and the MVP Law Group are one and the same, and there are no other lawyers from the firm who could represent plaintiffs. It was defendants' burden on the disqualification motion to establish grounds to disqualify the law firm. Defendants, however, failed to cite any legal authority or evidence showing the entire law firm or other lawyers in the firm must be disqualified. Nothing in this opinion prevents further proceedings before the trial court relating to the potential disqualification of other lawyers with the MVP Law Group, should the facts and law support such relief.

consider them. (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 45–46, fn. 9.)[10]

## II.

### DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFFS

Defendants seek monetary sanctions of $6,500 against plaintiffs and their counsel pursuant to California Rules of Court, rule 8.276, and section 907 of the Code of Civil Procedure for bringing what defendants characterize as a meritless appeal. As shown above, the appeal is not without merit: We reverse the disqualification of the MVP Law Group and narrow the scope of the disqualification of Vafaei. Moreover, the record does not support defendants' assertion that the appeal was brought for an improper purpose. We deny defendants' motion for monetary sanctions.

---

[10] Contrary to Vafaei's argument, the trial court's refusal to take judicial notice of published California cases does not demonstrate the court refused to consider or apply the law. (Indeed, the court's order specifically cited *Lopez, supra,* 81 Cal.App.5th 412—one of the cases for which Vafaei requested judicial notice.) Rather, the court declined to take judicial notice because it was unnecessary to do so in order for the court to consider published California cases. Citing no authority, Vafaei argues judicial notice is important "to ensure that judges acknowledge the authority of the law and their duty to rule in conformity with it." We know of no authority (and Vafaei cites none) requiring a court to acknowledge via judicial notice that it has considered and followed California case law. Vafaei also made serious accusations against the court, which we address later in this opinion, in which he (1) characterizes the judge's ruling that it was unnecessary to take judicial notice of the cited authorities as an "admission that he is disregarding the formality of judicially noticing the case law cited [by plaintiffs and] thereby putting himself above the law, and at odds with the law," and (2) accuses the judge of "engaging in the adjudication of a matter while being un-tethered to the law."

15

## III.

### MISCONDUCT BY PLAINTIFFS' COUNSEL, PASHA VAFAEI

Finally, we address Vafaei's unsupported attacks in his appellate briefing on the integrity of the trial court.

It is one thing to assert on appeal that the trial court committed reversible error; that is within the bounds of appropriate and acceptable advocacy. It is quite another thing to level serious, unsupported attacks on the integrity of the court, as Vafaei did here. Vafaei did not simply argue the court erred by granting the disqualification motion. Instead, Vafaei accused the court of "participating with the defense counsel" to commit a "fraud" on the judicial institutions of this state, "turn[ing] a blind eye" to defendants' bad faith conduct and to the governing law, "putting himself above the law," and acting in "knowing and willful disregard, and outright defiance, of the governing law." Vafaei asserts the court's ruling amounts to "whimsical tyranny." [11]

---

[11] According to California State Bar records, attorney Pasha Vafaei was admitted to the bar on December 5, 2017, long after the 2014 adoption of rule 9.4 of the California Rules of Court (renumbered rule 9.7, effective Jan. 1, 2018). Rule 9.7 requires the oath taken by every person on admission to practice law to include the following promise: "'As an officer of the court, I will strive to conduct myself at all times with dignity, courtesy and integrity.'" (Cal. Rules of Court, rule 9.7.) It is difficult to imagine how Vafaei could have thought his unfounded attacks on the integrity of the trial court comported with the oath he took when he was granted the privilege of practicing law in this state.

16

We cannot overstate how clearly this exceeds the bounds of acceptable, zealous advocacy and contravenes Vafaei's ethical obligations as a member of the bar. "Business and Professions Code section 6068, subdivision (b) provides that it is the duty of an attorney to 'maintain the respect due to the courts of justice and judicial officers.' Disrespectful statements made in court papers are grounds for attorney discipline and/or contempt." (*Martinez v. O'Hara* (2019) 32 Cal.App.5th 853, 856; see *Ramirez v. State Bar* (1980) 28 Cal.3d 402, 406-407 [attorney suspended for falsely accusing state appellate justices in brief filed with the Ninth Circuit of acting illegally and being induced to rule a certain way in favor of financially strong opposing party]; *In re Koven* (2005) 134 Cal.App.4th 262, 264–265 [attorney's brief falsely accusing appellate court of "'deliberate judicial dishonesty'" resulted in contempt proceedings, monetary fine, and referral to the California State Bar].)

Accusations of judicial wrongdoing "are serious, and we treat them as such." (*People ex rel. Harris v. Sarpas* (2014) 225 Cal.App.4th 1539, 1557.) However, "serious accusations against a trial judge . . . had better be supported by concrete evidence." (*Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th 771, 793.) There is nothing in the record to support or justify Vafaei's attacks on the honesty and integrity of the trial court. His accusations are all based on the trial judge's ruling on the disqualification motion. "[A] judge's 'rulings against a party— even when erroneous—do not establish a charge of judicial bias, especially when they are subject to review.'" (*People v. Armstrong* (2019) 6 Cal.5th 735, 798.) Nor do they support an accusation the court has colluded with an opposing party to knowingly violate or disregard the law and commit a fraud on the judicial system.

17

Canon 3D(2) of the California Code of Judicial Ethics (canon 3D(2)) provides: "Whenever a judge has personal knowledge, or concludes in a judicial decision, that a lawyer has committed misconduct or has violated any provision of the Rules of Professional Conduct, the judge shall take appropriate corrective action, which may include reporting the violation to the appropriate authority." "The advisory committee commentary accompanying canon 3D(2) instructs that California law imposes on judges mandatory reporting requirements to the State Bar regarding lawyer misconduct." (*Martinez v. O'Hara, supra*, 32 Cal.App.5th at p. 856.).

Pursuant to our ethical obligations under canon 3D(2), we will report attorney Pasha Vafaei, counsel for plaintiffs, to the State Bar of California for his misconduct as described in this opinion.

DISPOSITION

The trial court's order is affirmed as to the disqualification of Vafaei, as modified to limit the disqualification to representation of plaintiffs at trial, to the taking and defending of depositions, and to any other involvement in pretrial proceedings that may reveal to the trier of fact Vafaei's dual role as attorney and witness. The order is reversed as to the MVP Law Group.

Pursuant to canon 3D(2) of the California Code of Judicial Ethics, we hereby report attorney Pasha Vafaei, counsel for plaintiffs, to the State Bar of California for his misconduct as detailed in part III of this opinion's discussion. The clerk of this court is directed to send copies of this opinion, along with plaintiffs' opening brief on appeal, to the State Bar of California. The clerk is further directed to send a copy of this opinion to attorney Pasha Vafaei, State Bar No. 318823, at his address reflected in the California State Bar records.

18

The parties shall bear their own costs and fees on appeal.


GOODING, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


DELANEY, J.